[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTIONS TO SUPPRESS AND DISMISS
The defendant, who is charged with operating a motor vehicle under the influence of alcohol, moves to suppress the results of the October 24, 1998 Intoxilyzer breath tests taken from him for the purpose of determining his blood alcohol level. The defendant relies on General Statutes sec. 14-227a(c)(3), which provides in part that, to be admissible, a blood alcohol test such as the CT Page 2118 intoxilyzer test must be "performed by a person certified or recertified" for the purpose of performing such a test by the Department of Public Health or "recertified by persons certified as instructors by the Commissioner of Public Health." Conn. Gen. Stat. Sec. 14-227a(c)(3). While the defendant admits that Trooper Gudrun Johnson performed the first of the two Intoxilyzer tests taken, and that Trooper Johnson is properly qualified under the statute, the defendant claims that he was the one who actually performed the second test and that he is not properly certified to do so. To support his claim, the defendant relies on the Intoxilyzer print-outs, which lists Trooper Johnson as the "operator" of the first test and Chester Dobrowski as the "operator" of the second test.
The weight of the evidence, however, does not support the defendant's claim. The State has produced an affidavit of Trooper Johnson in which she avers that she was the sole operator of both tests but that, upon administering the second test, she made a typographical error in that she inadvertently typed the defendant's name in the machine as the operator. The defendant does not dispute the contents of the affidavit. The Court therefore finds that Trooper Johnson performed the second test and that the State has satisfied the challenged statutory requirement. Accordingly, the motion to suppress is denied.
Because the only apparent basis for the defendant's motion to dismiss is the suppression of the blood alcohol test results, and the Court is denying the motion to suppress, the motion to dismiss is denied as well.
It is so ordered.
Carl J. Schuman Judge, Superior Court